## Coggins v. Lehrman.

*Attachment under Act of March 17, 1869—Service of process—Sheriff's return.*

1. A return to a writ of attachment under the Act of March 17, 1869, P. L. 8, which shows that the writ was served upon a national bank and a trust company by handing copies of the same to the proper officers of the corporations and summoning them as garnishees and *nihil habet* as to defendant, is valid and the writ will not be quashed.

2. A return of *nihil habet* amounts to an averment that the defendant has nothing in the bailiwick; *i. e.*, no dwelling-house, no family, no residence and no personal presence, to enable an officer to make the service as required by the act of assembly.

Rule to quash writ of attachment. C. P. No. 3, Phila. Co., March T., 1923, No. 1257.

*Alfred Aarons* (of *Aarons, Weinstein, Goldman & Stone*), for rule.
*Alfred E. Reynolds*, contra.

FERGUSON, J., April 3, 1923.—This is a rule to quash a writ of attachment under the Act of 1869. The rule attacks the sheriff's return. That return shows that the writ was served upon the National Bank of Commerce and the Colonial Trust Company by handing copies of the writ to proper officers of those corporations and summoning them as garnishees. As to the defendant, the sheriff returned *nihil habet*.

The Act of March 17, 1869, P. L. 8, provides for the delivery to the defendant of a copy of the writ and an inventory of the property attached, if he can be found in the county, and if not found, then the copy is to be handed to an adult member of the family at his residence. If he does not reside in the county and cannot be found, then the copies of the writ and inventory are to be handed to the person in whose possession the property attached may be.

The return of *nihil habet* is equivalent to saying that the sheriff was unable to make service. It means more than this, however. In Sherer v. The Easton Bank, 33 Pa. 134, it was held that such return amounts to an averment that the defendant has nothing in the bailiwick, no dwelling-house, no family, no residence and no personal presence to enable the officer to make the service required by the act of assembly. By section 4 of the Act of 1869 it is provided that if there is no personal service or residence or appearance, the plaintiff, after the second term, shall proceed in the same manner as in foreign attachment. The matter of residence or no residence being of importance in determining the manner of the future proceedings in the case, the sheriff's return of *nihil habet* provides the necessary information.

The only other requirement of the Act of 1869 to which our attention has been called is that which commands the sheriff, in the case of no personal service or residence, to deliver a copy of the inventory of the property attached

to the person in whose possession said property may be. It appears from the return in this case that the two garnishees summoned are banking institutions, and there is no suggestion that any particular property in their hands was attached. It is probable that what was attached was supposed balances to the credit of the defendant in their hands. No property was attached that could be made the subject of an inventory. In the nature of things, the sheriff was necessarily in ignorance as to the balances, if any, which were due the defendant upon the books of such garnishees.

It is also suggested that the writ itself shows that no instructions were given the sheriff as to where the defendant might be found, or that he could not be found, or that he had no residence. This is a matter which we cannot consider. The only thing that may be examined by us in this connection is the return of the writ, and this, in our opinion, is adequate.